UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20454-CR-ALTMAN

**UNITED STATES OF AMERICA**,

v.

**CHRISTOPHER LOPEZ**,

*Defendant.*
_____/

# ORDER

Christopher Lopez—who pled guilty to a federal charge of conspiracy to traffic minors—has filed a Motion for Compassionate Release and for a Reduction of Sentence to Early Release with Home-Confinement (the "Motion") [ECF No. 54]. In support of this request, Lopez advances a single argument—that his father is currently ill and that he (Lopez) is "his only caregiver" *Id.* at 6. The Government opposes the Motion. *See* Memorandum in Opposition (the "Response") [ECF No. 57]. And, for the following reasons, we **DENY** it.

## THE LAW

Under 18 U.S.C. § 3582(c), we "*may not* modify a term of imprisonment once it has been imposed," *except* that we may reduce a term of imprisonment "after considering the factors set forth in section 3553(a)," *and* only "if [we] find[ ] that extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Section 3582 never describes the kinds of "[e]xtraordinary and compelling reasons" that might "warrant a reduction." Under 28 U.S.C. § 994, however, the United States Sentencing Commission (the "Commission") is authorized to "describe what should be considered extraordinary and compelling reasons for sentence reduction [under 18 U.S.C. § 3582]." 28 U.S.C. § 994(t). And the Commission has helpfully defined the contours of the test as follows:

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    **(A) Medical Condition of the Defendant.**

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant.** The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    **(C) Family Circumstances.—**

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 cmt. n.1.

This reference to "subdivision (2)" requires Lopez to show that he's "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). And § 3142(g), in turn, instructs federal courts to consider the following factors when determining whether a defendant poses a danger to the safety of any other person or the community:

**(g) Factors to be considered.** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The Defendant bears the burden of showing that a sentencing modification is warranted. *See United States v. Hamilton*, 714 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case."); *see also United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1241 (S.D. Fla. Apr. 14, 2020) (Altman, J.) ("The Defendant bears the burden of establishing both that his circumstances qualify as 'extraordinary and compelling reasons' and that he no longer represents a danger to any other person or the community.").

## ANALYSIS

Under § 3582(c)(1)(A), a court "may not" modify a term of imprisonment until "*after* the defendant has *fully exhausted all* administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" (emphases added). "This language is unambiguous and may not be altered by judicial fiat." *United States v. Walker*, 2021 WL 1749976, at *2 (S.D. Fla. May 4, 2021) (Altman, J.) (citing *United States v. Kranz*, 2020 WL 2559551, at *2 (S.D. Fla. May 20, 2020) (Rosenberg, J.) ("The language that Congress chose to use is clear and unambiguous. The Court cannot read exceptions into § 3582(c)(1)(A).")). In our case, the Government concedes that Lopez has exhausted his administrative remedies. *See* Response at 9 ("The Defendant has satisfied the exhaustion of administrative remedies."). And we'll accept that concession. For four reasons, though, we deny his Motion anyway.

*First*, we don't have the power to place Lopez on home confinement. *See* Motion at 6 ("I have served over 73% of my time and would like to be considered for Home Confinement."). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality op.). For that reason, "[a] sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decisionmaking authority rests with the BOP." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 28 U.S.C. § 3582(a)). We therefore refuse to order the BOP to send Lopez to home confinement. *See United States v. Anderson*, 517 F. App'x 772, 775 (11th Cir. 2013) ("[T]o the extent that Anderson requested that the district court order the BOP to place him in home confinement, that request is outside the scope of § 3582(c)(2). The BOP, not the district court, retained authority to choose the place of Anderson's incarceration.").

*Second,* Lopez's family circumstances do not constitute an "extraordinary and compelling" reason for compassionate release. In his Motion, Lopez says that he's his father's only caregiver, and that his father suffers from dementia, high blood pressure, kidney stones, and shortness of breath. Motion at 6–7. We're not unsympathetic to Lopez's desire to care for his father. But his father's ailing health isn't the kind of "extraordinary and compelling reason" that would justify early release. The Eleventh Circuit has explained that "the [First Step Act] did not give courts the freedom to define 'extraordinary and compelling reasons.'" *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). "Section 1B1.13 lists four extraordinary and compelling reasons: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons, not by the courts." *United States v. Griffin*, 859 F. Appx. 359, 361 (11th Cir. 2021) (citing U.S.S.G. § 1B1.13 cmt. n.1). And "family circumstances," the Sentencing Commission tells us, refers *only* to "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1. Only those enumerated circumstances (or maybe others if defined by the BOP) "can rise to the level of extraordinary and compelling reasons for compassionate release." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021); *United States v. Gaines*, 2022 WL 5237593, at *2 (11th Cir. 2022) (reiterating that "the catch-all provision in the commentary to § 1B1.13 did not grant district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence"); *United States v. Olbel*, 2021 WL 3429343, at *7 (S.D. Fla. Aug. 5, 2021) (Altman, J.) (denying a motion for compassionate release for the reasons outlined in *Bryant*). Because Lopez's desire to care for his father is not an "extraordinary and compelling" reason for release, his Motion must be denied.

*Third*, even if we *did* find an "extraordinary and compelling" reason to reduce Lopez's sentence, we'd still deny his Motion because he hasn't shown that the § 3553(a) factors favor his release. *See generally* Motion. Remember that we "may reduce the term of imprisonment" *only* "if, after considering the factors set forth in section 3553(a) to the extent that they are applicable, the court determines that . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also Stuyvesant*, 454 F. Supp. 3d at 1241 ("The Defendant bears the burden of establishing . . . that he no longer represents a danger to any other person or the community."). As always, district courts must impose sentences that are "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a). *United States v. Boykin*, 839 F. App'x 432, 433 n.2 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)(2)). "These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment." *Ibid.* "The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *Ibid.* (citing 18 U.S.C. § 3553(a)(1), (3)–(7)). These factors weigh decisively against early release here.

The first factor—the "nature and circumstances of the offense," § 3553(a)(1)—tilts heavily against Lopez. Lopez, remember, pled guilty to a federal charge of conspiracy to sex traffic in minors. We don't think we're going out on a limb by characterizing this conduct as extremely disturbing and very serious. *See United States v. Jackson*, 2020 WL 3832717, at *2 (E.D. La. July 8, 2020) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses."). This first factor, in short, counsels against early release.

And most of the remaining factors—the need for the sentence imposed to "reflect the seriousness of the offense," to "promote respect for the law," to "provide just punishment for the offense," to "afford adequate deterrence," and to "protect the public from further crimes of the defendant," § 3553(a)(2)—likewise weigh against early release. Lopez wants us to ignore the seriousness of his crime and to cut out the rest of his sentence. This we will not do. Lopez's criminal conduct in this case strongly suggests that he doesn't obey the law and that he doesn't respect the law. To release him now would thus send *precisely* the wrong message: that sex-trafficking crimes aren't serious, that the dangers sex offenders pose to our communities are overblown, and that the penalties set out in our criminal laws—in particular, our laws protecting *children*—needn't be strictly followed. Releasing Lopez now, in other words, would *decrease*, rather than increase, the citizenry's respect for the law.

The § 3553(a) factors thus weigh conclusively against early release.

*Fourth*, Lopez failed to meet his burden of showing that he no longer poses a danger to the community. In assessing dangerousness, § 3142(g) requires us to consider: (1) "the nature and circumstances of the offense"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including . . . (A) the person's . . . past conduct . . . [and] criminal history"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Most of these factors likewise cut against Lopez here.

*First*, Lopez was convicted of conspiring to traffic in minors. As we've said, this is "among the most egregious and despicable of societal and criminal offenses." *Jackson*, 2020 WL 3832717, at *2. *Second*, the evidence against Lopez was so strong that it compelled him to take a guilty plea. *Third*, while this was Lopez's first criminal *conviction*, the PSI reveals that, for many months *before* he was captured, he turned a profit by selling to strangers the sexual services of children. *See* PSI Addendum [ECF No. 29) at 7 (Lopez "stated that in January 2016, 'pimping just fell into his lap'"); *see also id.* at

7

6–7 (describing law enforcement's investigation and arrest of Lopez in late May and early June of 2016). *Fourth*, Lopez does not—and cannot—show that his release would pose no "danger to any other person or to the community." His concern for his father's well-being did not deter him from committing the crimes for which he is now incarcerated. And there's no reason to believe that it will deter him from committing similar crimes in the future.

\*\*\*

For all these reasons, we hereby **ORDER AND ADJUDGE** that the Motion [ECF No. 54] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on November 21, 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record